In the Matter of the Estate of CRAIG A. JACOBSEN, Deceased.

Surrogate's Court, Kings County, July 5, 1955.

*Raphael & Dorman* for Gustav Jacobsen, petitioner.

Moss, S. Gustav Jacobsen has applied for letters of administration on the estate of Craig Arthur Jacobsen. The petitioner, a paternal grandfather, and his wife and a maternal grandmother are the only distributees. A claim on an insurance policy of $2,700 on the life of the alleged decedent payable to his estate is the only asset.

The amended petition indicates that the decedent was two years of age, one of twin children of Gilbert Jacobsen, a lieutenant in the active service of the United States Navy, Air Branch; that he, his wife, and their twin children were passengers on an airplane as personnel under the control and surveillance of the

Navy; and that they were lost at sea in the same disaster. The respondents do not oppose this application.

As evidence of death petitioner has produced and offered in evidence a certificate issued by the Department of the Navy of the United States, Bureau of Medicine and Surgery, pursuant to the Missing Persons Act of the United States (U. S. Code, tit. 50, Appendix, §§ 1001 *et seq.*), which in part certified as follows:

" 25. Place of Death Lost at sea, North Atlantic between Continental U. S. and Azores Islands   *   *   *

" 29. Name JACOBSEN, CRAIG ARTHUR

" 30. The deceased was a passenger aboard aircraft R7V-1, BuNo: 128441 which departed US Naval Air Station, Patuxent River, Maryland at 0239Z on 31 October 1954. The aircraft was last heard from at 0430Z at 38.6N 69.12W on 31 October 1954. Extensive search failed to locate either the aircraft or survivors. Presumed dead as of 0500Z on 4 November 1954 by VR-1 Dispatch 041945Z. Remains of deceased were not recovered."

Later, the Department of the Navy, certified that " the date of death of the decedent is changed to 31 October 1954 ".

An official document of the same bureau of the Navy Department further certified that " In the development of present naval administrative procedures, the Certificate of Death (Nav Med-N) was the form chosen to report all deaths of naval personnel and deaths of other persons when deaths occur while under Navy control or surveillance."

The Missing Persons Act relates to persons within the armed forces as well as to dependents. In fact the word " dependent " is specifically defined as follows (U. S. Code, tit. 50, Appendix, § 1001, subd. [c]): " (c) the term ' dependent ' as used in this Act includes a lawful wife, unmarried child under twenty-one years of age. It includes also a dependent mother, father, or unmarried dependent stepchild or adopted child under twenty-one years of age, or such dependent as has been designated in official records, or an individual determined to be dependent by the head of the department concerned, or subordinate designated by him ".

Under the provisions of section 1009 of title 50 of the United States Code, as amended, the head of the department concerned, or such subordinate as he may designate, has the authority to make all determinations necessary in the administration of the act. Such determinations are conclusive " as to the death or finding of death " and " as to any essential date " of death. In the opinion of the court, the act permits determinations to be

made in respect of dependents of persons within the armed services. Under the aforesaid definition of " dependents ", the two twin children, one of whom was Craig Arthur Jacobsen, the decedent herein, are the dependents of Lieutenant Jacobsen and any determinations with respect to them or either of them are properly within the contemplation of the Missing Persons Act as to the conclusiveness of the determination of death.

Parenthetically, it may be stated that on February 28, 1955, this court granted letters of administration on the estate of the said Lieutenant Gilbert Jacobsen, father of decedent, based upon a certificate issued by the same bureau of the Navy Department certifying the determination of his death upon the identical facts shown in the certificate offered in evidence by the petitioner herein (Civ. Prac. Act, § 341-a).

On all the proof, the court is satisfied that the petitioner has established the allegations of the petition. Letters of administration therefore will issue to the petitioner upon qualifying according to law. Submit decree.